**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**JUDGE PHILIP A. BRIMMER**

**COURTROOM MINUTES**

| | |
|---|---|
| Courtroom Deputy: Nel Steffens | Date: September 27, 2011 |
| Court Reporter: Janet Coppock | Time: 51 minutes |
| Probation Officer: Susan Heckman | Interpreter: N/A |

**CASE NO. 10-cr-00501-PAB**

| Parties | Counsel |
|---|---|
| **UNITED STATES OF AMERICA,** | Jaime Pena |
| Plaintiff, | |
| vs. | |
| **3.  JUDITH MARTINEZ,** | Matthew Golla |
| Defendant. | |

**SENTENCING**

**1:33 p.m.     COURT IN SESSION**

APPEARANCES OF COUNSEL.  Defendant is present and on bond.

**ORDERED:**  The statement of facts in the Plea Agreement and the Presentence Report are not disputed by the parties and are adopted in the Court's factual findings in this case. The report is incorporated by reference as part of the Court's findings and conclusions.

Argument by Mr. Pena regarding the **Government's 5K1.1 Motion for Downward Departure Based on Substantial Assistance and Response to Defendant's Anticipated Motion for a Variant Sentence** [#122] filed September 7, 2011.

Response by Mr. Golla.

Court states its findings and conclusions.

**ORDERED:** The **Government's 5K1.1 Motion for Downward Departure Based on Substantial Assistance and Response to Defendant's Anticipated Motion for a Variant Sentence** [#122] filed September 7, 2011, is **GRANTED**.

Argument by Mr. Golla regarding **Defendant's Sentencing Memorandum and Request for Downward Variance** [#125] filed September 13, 2011.

Response by Mr. Pena.

Defendant addresses the Court.

Court states its findings and conclusions.

**ORDERED:** The **Defendant's Sentencing Memorandum and Request for Downward Variance** [#125] filed September 13, 2011, is **DENIED**.

Statement by the Court regarding defendant's offense level, criminal history level and sentencing guidelines range.

Defendant entered her plea of guilty to Count One of the Indictment on **April 26, 2011.**

**ORDERED:** Defendant's plea of guilty is **ACCEPTED.**

**ORDERED:** Court **ACCEPTS** the Plea Agreement.

Court considers statutory factors of 18 USC § 3553(a) in arriving at sentence.

**ORDERED:** Defendant shall be **imprisoned** for **thirty-six (36) months**.

**ORDERED:** Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **three (3) years**.

**ORDERED: Conditions** of Supervised Release that:
- (**X**) Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.
- (**X**) Defendant shall not commit another federal, state or local crime.
- (**X**) Defendant shall not illegally possess controlled substances.
- (**X**) Defendant shall not possess a firearm or destructive device.
- (**X**) Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.

- (**X**) Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- (**X**) Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.
- (**X**) Mandatory drug testing provisions of 18 U.S.C. § 3583(d) are WAIVED because the Presentence Report indicates a low risk of future substance abuse by the defendant.

**ORDERED:** **Special Condition** of Supervised Release that:
- (**X**) Defendant shall make restitution to the victims in the amounts indicated in the Presentence Report in the total amount of $483,138.00, to be paid jointly and severally with co-defendant Claudia Luevano Rangel in this case; payment shall be divided equally among the victims. Disbursement of restitution payments shall be deferred until the balance in the Court registry account totals at least $1,000.00.
- (**X**) Defendant shall comply with the terms and conditions for payment of the special assessment, restitution or fine imposed by this judgment.
- (**X**) Defendant shall pay any **special assessment, restitution, fine** that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.
- (**X**) Within 60 days of release from confinement, defendant shall meet with the probation officer to develop a plan for the payment of restitution; the plan will be based upon the defendant's income and expenses and the plan will be forwarded to the Court for review and approval.
- (**X**) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless she is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.
- (**X**) Defendant shall apply any monies received from any income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligations in this case.

**ORDERED:** Defendant shall pay **$100.00** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:** **No fine** is imposed because defendant has no ability to pay a fine.

**ORDERED:** Interest on restitution is waived.

**ORDERED:** This Court recommends that the Bureau of Prisons designate the defendant to FCI Phoenix for service of sentence.

**ORDERED:** Defendant shall voluntarily surrender to the institution designated by the Bureau of Prisons before noon within thirty days of the date of designation.

**ORDERED:** Defendant advised of right to appeal. Any notice of appeal must be filed within 10 days.

**2:24 p.m.      COURT IN RECESS**

**Total in court time:      51 minutes**

**Hearing concluded.**